UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SMITH,<br><br>                              Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>                              Defendant. | Case No.:  22cv0798 DMS (BGS)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ALTER, AMEND, VACATE** |

This case comes before the Court on Plaintiff's motion to alter, amend, or vacate the judgment of dismissal entered in this case on November 4, 2022.  Plaintiff cites Federal Rules of Civil Procedure 50, 52, and 59 as the bases for his motion, but because the judgment was entered on a motion to dismiss, the Court will consider the motion under Rule 59 only.[1]

"[A] Rule 59(e) motion is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Wood v. Ryan*, 759 F.3d 1117,

---

[1] Rule 50 applies after "a party has been fully heard on an issue during a jury trial[,]" Fed. R. Civ. P. 50(a)(1), and Rule 52 applies after an action has been "tried on the facts without a jury or with an advisory jury[.]"  Fed. R. Civ. P. 52(a)(1).

1

1121 (9th Cir. 2014) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). "A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id.* (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (*en banc*)) (quotation marks omitted). Plaintiff has not made a showing that any of those requirements are met here. In particular, Plaintiff has not shown that this Court, which has no connection to Plaintiff's underlying criminal case or any of the other cases Plaintiff has filed in the Eastern District of Kentucky or the Sixth Circuit, is the proper venue for Plaintiff's Rule 60(d) motion.

In cases such as this, where the plaintiff asks one district court to review the decision of another district court, the Ninth Circuit has held "that considerations of comity and orderly administration of justice demand that the nonrendering court should decline jurisdiction of such an action and remand the parties for their relief to the rendering court, so long as it is apparent that a remedy is available there." *Lapin v. Shulton, Inc.*, 333 F.2d 169, 172 (9th Cir. 1964). *See also Treadaway v. Academy of Motion Picture Arts and Sciences*, 783 F.2d 1418, 1420-22 (9th Cir. 1986) (discussing *Lapin*). Plaintiff here has not shown that he is without a remedy in the rendering court, i.e., the United States District Court for the Eastern District of Kentucky. On the contrary, the records from that court reflect that Plaintiff has had ample time and opportunity to seek a remedy from that court, and that he has, in fact, attempted to do so. (*See* Order Granting Motion to Dismiss at 2, ECF No. 10) (setting out Plaintiff's numerous filings in the Eastern District of Kentucky and the Sixth Circuit). That those attempts were ultimately unsuccessful does not render the remedy unavailable.

/ / /
/ / /
/ / /
/ / /
/ / /

Plaintiff has not met the requirements for relief under Rule 59.  Therefore, his motion to alter, amend, or vacate the judgment is denied.

**IT IS SO ORDERED.**

Dated:  December 20, 2022

Hon. Dana M. Sabraw, Chief Judge
United States District Court